UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JAMES ROBERT CROUCH**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 1:08CV-P89-R**

**SOUTHERN HEALTH PARTNERS, INC.** *et al.*  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Seeking damages and injunctive relief, Plaintiff James Robert Crouch brought this civil action under 42 U.S.C. § 1983, against Southern Health Partners, Inc. and Warren County Jailer Jackie T. Strode, in their official capacities, for allegedly failing to treat his mental condition in violation of the Eighth Amendment. On initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed the action to proceed. This matter is now before the Court on Defendants' motion to dismiss, or alternatively, for summary judgment (DN 13). Plaintiff filed no response, and the matter is ripe for consideration. Upon consideration, the Court will grant Defendants' motion for summary judgment and deny his motion to dismiss as moot.

### I. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing former FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Id.* at 323-24.

## II.  ANALYSIS

In the complaint, Plaintiff claims as follows:

> The medical and staff of the Jail are refusing me my prescribed medication for my depression, paranoid schizzophrenic, and seizures.  It's in my medical records which I was denied a copy of.  I feel my eighth Amendment has been violated.  I'm in constant depression, I can't sleep and feel like somebody's allways gonna jump on me.  My depression gets worse daily and I've tried seeing a psych nurse for a month now with no answer.

In their motion for summary judgment, Defendants assert four arguments:  (1) that Plaintiff failed to exhaust available administrative remedies; (2) that the medical records refute Plaintiff's claims that he was denied medication and denied visits with a psychiatric nurse; (3) that Defendants were not deliberately indifferent; and (4) that *respondeat superior* cannot support a § 1983 claim.  Defendants additionally advise that Plaintiff never requested his medical records and that to obtain them all he had to do was to fill out a sick-call form making the request.  Counsel for Defendants, nevertheless, indicates that he sent Plaintiff a complete copy of his medical records along with the motion for summary judgment.

Upon consideration, the Court will dismiss the matter for Plaintiff's failure to exhaust his claims and for failure to state a claim against the two Defendants.

### *A.  Failure to exhaust*

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a).  Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In enacting this provision, Congress imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under

42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'"). And complete exhaustion of administrative remedies is required even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

> At the Warren County Regional Jail,
>
> Inmates are allowed to submit grievances if he/she believes he/she has been subject to abuse, harassment, abridgement of civil rights or denied privileges as specified in the posted rules. The grievance is to be made in the form of a written statement, sealed in an unstamped envelope and addressed to the Jailer. Grievance forms are available and must be signed by the inmates.

It is clear that Plaintiff is familiar with the grievance process as he utilized it several times during his incarceration at the jail as evidenced by Defendants' submission of several of Plaintiff's past grievances. None of those grievances, however, pertain to Plaintiff's allegations regarding denied medical treatment, and, by failing to respond to the motion for summary judgment, Plaintiff has wholly failed to refute Defendants' evidence. Accordingly, Defendants Southern Health Partners, Inc. and Warren County Jailer Jackie T. Strode are entitled to summary judgment as a matter of law due to Plaintiff's failure to exhaust his available administrative remedies.

### B. Failure to state a claim

#### 1. Jailer Strode

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Jailer Strode is actually against Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged any municipal policy or custom that caused his alleged harm. As nothing in the complaint demonstrates that Plaintiff's claims of wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County, Plaintiff fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against the governmental entity.

### 2. *Southern Health Partners, Inc.*

Plaintiff has failed to assert any allegations of wrongdoing against the entity itself, and it appears that he named it as a party solely because it may employ some of the unnamed "medical and staff of the jail." As with the municipal Defendant, however, Plaintiff cannot base § 1983 liability against Southern Health Partners, Inc. on the doctrine of respondeat superior or

vicarious liability, *see Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996), but must instead show "some policy that caused a deprivation of [Plaintiff's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 464 (6th Cir. 2001).  Like with Warren County, Plaintiff has failed to allege, much less demonstrate, any policy.

Consequently, Defendants are entitled to judgment as a matter of law for failure to state a claim against them.

### III.  ORDER

For the reasons set forth more fully above, **IT IS ORDERED** that Defendants' motion for summary judgment (DN 13) is **GRANTED** and the motion to dismiss (DN 13) is **DENIED as moot**.

By separate Order, the Court will enter judgment in favor of Defendants and dismiss the action.

Date:


cc:     Plaintiff, *pro se*
        Counsel of Record
4413.005